IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

TOMMIE LEE HAUSEY #158914                )
Full name and prison number of          )
plaintiff(s)                            )
                                        )
          v.                            )     CIVIL ACTION NO. 2:06 cv 750-MEF
                                        )     (To be supplied by the Clerk of the
U.S. POSTAL SERVICE et.al.,             )       U.S. District Court)
                                        )
(SOUTHWEST AREA),                       )     CIVIL JURY TRIAL REQUEST, IDENTITY THEFT
                                        )     VIOLATION OF HANDICAP Discrimination
     AGENCY.                            )     REQUEST COUNSEL
                                        )
                                        )
WILLIAM J. HENDERSON, POSTMASTER GENERAL, )
Name of person(s) who violated          )
your constitutional rights.             )
(List the names of all the persons)    )     **DEMAND FOR JURY TRIAL**

RECEIVED
2006 AUG 23  A 10: 46

I.     PREVIOUS LAWSUITS

   A.     Have you begun other lawsuits in state or federal court dealing with the same or
          similar facts involved in this action?     Yes (  )   No (✓)

   B.     Have you begun other lawsuits in state or federal court relating to your
          imprisonment?          Yes (✓)   No (  )

   C.     If your answer to A or B is yes, describe each lawsuit in the space below.  (If there
          is more than one lawsuit, describe the additional lawsuits on another piece of
          paper, using the same outline).

          1.     Parties to this previous lawsuit:
                 Plaintiff(s) TOMMIE LEE HAUSEY

                 Defendant(s) STATE OF ALABAMA et.al.,

          2.     Court (if federal court, name the district; if state court, name the county)
                 UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ALABAMA

          3.     Docket No. 2:05-CV-01487

          4.     Name of Judge to whom case was assigned U.S. MAG. JUDGE OTT

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?
   _Still Pending as of 21 Aug. 2006_

6. Approximate date of filing lawsuit _MAY 2005_

7. Approximate date of disposition (UNKNOWN) INJUNCTION ORDER request filed

II. PLACE OF PRESENT CONFINEMENT BULLOCK COUNTY CORRECTIONAL FACILITY (MENTAL HEMH)
    P.O. BOX 5107, MHD 4-31, Union Springs ALABAMA 36089

    PLACE OR INSTITUTION WHERE INCIDENT OCCURRED _____
    750 FLORIDA Street BATON ROUGE LOUISIANA    MAIN POST office

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| NAME | ADDRESS |
|------|---------|
| 1. Willie L. JOHNSON (EMPLOYEE) | UNKNOWN 750 Florida St |
| 2. RON Arceneaux (POSTAL INVESTIGATOR) | BATON ROUGE, LA. 750 FLORIDA ST |
| 3. U.S. Postal Service Administrator | BATON ROUGE, LA |
| 4. William J. Henderson (Post Master General) | SOUTHWEST AREA, AGENCY |
| 5. | |
| 6. | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED were not acknowledged by the Postal Service during prior EEOC investigation but later 3/97 information showed it was KNOWN that Identity Theft occurred when Personnel file was obtained 9-20-2005 at BULLOCK

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED: 14th Amendment Const. RIGHT.

GROUND ONE: Before U.S.P registered mail 891 910 442 U.S. and U.S.P. RB 466 385 069 U.S. the Plaintiff was not aware of U.S.P. "Restricted File" which the Identity Theft had not been shown or obtained so Plaintiff could have a DUE Process HEARING

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place, manner, and person involved).
On or about 9-20-2005 the Plaintiff a former POSTAL WORKER received a DOCUMENT from the U.S. Postal Service showing his employee History. This report contained information of HAUSEY restricted Personnel file. After closely inspecting the document there was named a Willie L. Johnson utilizing HAUSEY Social Sec. NO. 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 to gain employment at the very SAME Post office? If this document would have been part of the Agency report during EEOC proceedings it would have a substantial impact on the policies, practices or operation of the Agency as well as the violations against a HANDICAP Veteran.

-2-

GROUND TWO: with Document 1 process at Page 3 of 3

Plaintiff 14th U.S.C Amendment or fairness to prevent further miscarriage of JUSTICE.

SUPPORTING FACTS: DUE to there being a Criminal ACT that had existed without any knowledgement of (HAUSEY) fraudulent activity did occur: and the Plaintiff though he is in a Penal System / MENTAL Health the investigator for this Agency with held this document as well, Knowing HAUSEY could be DENIED any Knowledge of this action by the Agency, whereas there is a genuine issue of material FACT existed.

GROUND THREE: _____

SUPPORTING FACTS: _____

_____
_____
_____
_____

VI.    STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE
       NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

Complete investigation because this Agency knew the Plaintiff was Handicapped and there is Possible indication that because there's Never been Civil Action previously Any and all relief in favor of Plaintiff, Un SPECIFIED amount for this Agency knowingly not acknowledge in previous matters.

ATTACHED
EXHIBITS: A. B. C. D. E.

_____
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on _21 August 2006_.
                    (date)

_____
Signature of plaintiff(s)

-3-



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

## RECORD OF PROCEEDINGS

IN THE CASE OF:    HAUSEY, TOMMIE L.

BOARD DATE:        8 December 2005
DOCKET NUMBER:  AR20050004405

I certify that hereinafter is recorded the true and complete record of the proceedings of the Army Board for Correction of Military Records in the case of the above-named individual.

| | |
|---|---|
| Mr. Carl W. S. Chun | Director |
| Ms. Joyce A. Wright | Analyst |

The following members, a quorum, were present:

| | |
|---|---|
| Mr. Richard T. Dunbar | Chairperson |
| Mr. James B. Gunlicks | Member |
| Mr. Scott W. Faught | Member |

The Board considered the following evidence:

Exhibit A - Application for correction of military records.

Exhibit B - Military Personnel Records (including advisory opinion, if any).



EXHIBIT A

ABCMR Record of Proceedings (cont)                          AR20050004405

## THE APPLICANT'S REQUEST, STATEMENT, AND EVIDENCE:

1. The applicant requests, in effect, that his honorable discharge be changed to show that he was separated or retired by reason of physical disability.

2. The applicant states that he reenlisted on 26 December 1989 for 6 years in the U. S. Army Reserve (USAR) as an employee with the U.S. Postal Service. He had a problem, (mental issue), and was terminated from employment due to sub-par performance. He was later hospitalized and diagnosed at the Northeast Regional Medical Center in Anniston, Alabama, in January 1989. The possibility of when his disease began was uncertain. Due to this problem, he was neither able to perform his postal duties or his USAR duties. There was no reporting of the problem to the Army Reserve. The time and validness (sic) of the question of mental disease should and would have changed the whole outcome of not only Reserve commitment as well as postal employment. His insurance carrier was "Mail Handler" which paid for the entire hospital stay as well as prescription drug costs.

3. The applicant provides no documentation in support of his request.

## CONSIDERATION OF EVIDENCE:

1. The applicant is requesting correction of an alleged injustice which occurred on 2 January 1996, the date of his discharge. The application submitted in this case is dated 16 March 2005.

2. Title 10, U.S. Code, Section 1552(b), provides that applications for correction of military records must be filed within 3 years after discovery of the alleged error or injustice. This provision of law allows the Army Board for Correction of Military Records (ABCMR) to excuse failure to file within the 3-year statute of limitations if the ABCMR determines that it would be in the interest of justice to do so. In this case, the ABCMR will conduct a review of the merits of the case to determine if it would be in the interest of justice to excuse the applicant's failure to timely file.

3. The applicant's military records show he entered active duty (AD) on 18 June 1980, as a motor transport operator (64C). He was promoted to sergeant (SGT/E-5) on 1 November 1983. He continued to serve until he was honorably discharged on 17 April 1986.

2

ABCMR Record of Proceedings (cont)                    AR20050004405

4. After a break in service, he enlisted in the USAR on 13 January 1987, in the pay grade E-5, for a period of 3 years, with an established expiration of term of service (ETS) of 12 January 1990. He reenlisted in the USAR on 26 December 1989, for a period of 6 years, with an established ETS of 25 December 1995.

5. He continued to serve until he was honorably discharged in the pay grade of E-5 on 2 January 1996, 9 days past his ETS.

6. There is no evidence that the applicant requested a separation medical examination from the USAR and his medical records are unavailable for review.

7. Army Regulation 135-178 establishes the policies, standards, and procedures governing the administrative separation of enlisted Soldiers from the Reserve components. Paragraph 1-3 states, in pertinent part, that orders discharging a Soldier would not be revoked or the effective date changed after the effective date of discharge unless there was evidence of manifest error or fraud. After the effective date of discharge, orders can be amended by the separation authority only to correct manifest error such as the wrong character of service or to correct administrative errors such as rank, social security number, or misspelled name.

8. Army Regulation 135-178, paragraph 12-1, states that Reserve enlisted Soldiers who are no longer qualified for retention by reason of medical unfitness under the standards of AR 40-501, chapter 3 (Medical Fitness Standards for Retention and Separation Including Retirement) will be discharged unless they are granted a waiver of the medical disqualification or are eligible and request transfer to the Retired Reserve under Army Regulation    140-10, paragraph 6-1.

9. Public Law 99-661 (604 PL 99-661), 14 November 1986, revised the provisions of Title 10, United States Code, sections 1204, 1205, and 1206 to provide for disability processing of Reserve component soldiers who incurred or aggravated an injury or disease in the line of duty while performing inactive or active duty training after 15 November 1986 under a call or order that specified a period of 30 days or less. Referral for disability processing does not mean an automatic entitlement to disability compensation. Once referred, a determination must be made whether the disease was the proximate result of performing duty. Prior to the aforementioned date, Army Regulation 635-40, chapter 8, provided that members of the Reserve components who incurred a disability which resulted from a disease rather than an injury, while performing duty prior to 15 November 1986, could not be referred for disability processing. The provisions of Public Law 99-661 are not retroactive.

3

ABCMR Record of Proceedings (cont)                    AR20050004405

DISCUSSION AND CONCLUSIONS:

1. The applicant's medical records are unavailable for review and there is no evidence to show that he requested a separation medical examination from the USAR. There is no evidence, and the applicant has provided no medical evidence, to show that he had a mental issue or a disease of any nature, which would have prevented him from performing his duties, while serving in the USAR. There also is no evidence to show that any such disease would have changed the outcome of his Reserve commitment or his postal employment. The evidence clearly shows that he was honorably discharged by reason of ETS.

2. Based on the evidence provided, the applicant is not entitled to a change of the reason or the authority for his honorable discharge to show that he was separated or retired by reason of physical disability.

3. Records show the applicant should have discovered the alleged error or injustice now under consideration on 2 January 1996; therefore, the time for the applicant to file a request for correction of any error or injustice expired on 1 January 1999. The applicant did not file within the 3-year statute of limitations and has not provided a compelling explanation or evidence to show that it would be in the interest of justice to excuse failure to timely file in this case.

BOARD VOTE:

_____ _____ _____ GRANT FULL RELIEF

_____ _____ _____ GRANT PARTIAL RELIEF

_____ _____ _____ GRANT FORMAL HEARING

_____ _____ _____ DENY APPLICATION

BOARD DETERMINATION/RECOMMENDATION:

1. The Board determined that the evidence presented does not demonstrate the existence of a probable error or injustice. Therefore, the Board determined that the overall merits of this case are insufficient as a basis for correction of the records of the individual concerned.

4

ABCMR Record of Proceedings (cont)                    AR20050004405

2. As a result, the Board further determined that there is no evidence provided which shows that it would be in the interest of justice to excuse the applicant's failure to timely file this application within the 3-year statute of limitations prescribed by law. Therefore, there is insufficient basis to waive the statute of limitations for timely filing or for correction of the records of the individual concerned.

CHAIRPERSON

5

U.S. EQUAL Employment Opportunity COMMISSION

Office of Federal Operations

P.O. BOX 19848

WASHINGTON, D.C. 20036

MARCH 29, 2006

MR. TOMMIE LEE HAUSEY, SR. #156914          APPEAL NO: 01980272

BULLOCK COUNTY CORR. FACILITY               AGENCY NO: 1-G-708-0030-47

P.O. Box 5107, MENTAL HEALTH

UNION SPRINGS, AL. 36089

MR. RONNIE BLUMENTHAL, DIRECTOR

Office Of FEDERAL OPERATIONS

DECISION Hd. JULY 10, 1998

DEAR SIR:

    Your organization provided a decision in the Above stated pro-ceeding
And since there was a RECONSIDERATION decision identified as request
number 05980969 issued unsigned August 25, 2000 received responded dated
Feb. 06, 2001 here at BULLOCK COUNTY CORRECTIONAL FACILITY, (MENTAL HEALTH).

    Since JANUARY 2000, I've been a IN-PATIENT receiving MENTAL HEALTH
Services for treatment of incurable mental disease disorder.(Paranoia-Schizophrenia
Currently the ARMY BOARD, MILITARY CORRECTION REVIEW panel has notified me
that my military discharge (DD-214) is currently in a stage of review where info
not known previously before your decision would And should change your Agency
Final DECISION? Prior to the hiring of me by the U.S. POSTAL SERVICE in BATON ROUGE,
LOUISIANA there were Service-Connected issue(s) reported/And now the "CRUX"
of issue(s) Are now being noted. On several occasions since requesting my
Personnell file there's newly information discovered FRAUD by a Willie L.
Johnson discovered 3/97 AND No action of this matter provided to me by
U.S. POSTAL SERVICE, CORPORATE PERSONNELL MANAGEMENT, 475 L'enfant PLAZA

S.W. 1831, WASHINGTON, DC 20260-4261 ? TRULY if this matter of Identity Theft, As well as the successful service-connected issue(s) under review were known earlier, the outcome of the POSTAL-SERVICE Action would or should be different. Any action whereas were taken while the EEO investigator were doing his investigation should have been part of the record because Identity-THEFT is a illegal action after knowingly found ?

I can only request from your office information or further Investigation Report(s) concerning the handling of this action because I have no address to anyone in the NEW ORLEANS, LA. Area.

Respectfully, requested,

_signature_

MR. TOMMIE LEE HAUSEY # 158914
BULLOCK COUNTY CORRECTIONAL FAC.
P.O. BOX 5107, MENTAL HEALTH DORM
UNION SPRINGS, AL. 36089

IN THE United States District Court
FOR THE MIDDLE DISTRICT OF ALABAMA

TOMMIE LEE HAUSEY
    Plaintiff.

VS.

UNITED STATES POSTAL SERVICE
    Defendants. et. al.,

Civil Action NO: 2.06CV750
Civil Jury Trial Request

Sworn Affidavit

IN conformity with the FED. R. CIV. P., I the above Plaintiff over the age of 21-years old currently imprisoned at the Bullock County Mental Health, Residential Treatment Unit for monitoring and support evaluation assert(s) this statement as True and Correct in the above to the best of his knowledge. There has been a miscarriage of Justice in the form of Identity Theft that took place And knowingly and willingly disclosed with the attention to cover up by means unknown to HAUSEY, Plaintiff HAUSEY was hired as a Veteran of the U.S. ARMY since 1980 and a Reservist in the United States Ready-Reserve, On or about 9-20-2005, HAUSEY a former employee hired previously under Career Conditional Status by the above in Baton Rouge, LA., 750 Florida St. in a un related Discrimination Complaint See HAUSEY VS U.S. Postal Service EEOC APPEAL NO; 01980272 decision dated, July 10, 1998 and A reconsideration decision number 05980969 issued un-signed August 25, 2000 received responded here at Bullock

County Correctional Facility (Mental Health) after Plaintiff Hausey was transferred by the ALABAMA DEPT. of Correction for In-Patient psychiatric treatment JAN, 2000 to current, ON several occasions since requesting his Personnel file from the U.S. Postal Service, Corporate Personnel Management, information concerning this showed KNOWN SINCE 3-97 by this previous Postal investigation done Defendants, et al, without any Due-Process notice or proceeding for Hausey to alert any and all creditor(s) and Armed Forces, etc. The document(s) clearly reflect this was knowledgeable by this Agency which would've made a valuable asset to Plaintiff Hausey in his EEOC decision and restricted file verification which Hausey really didn't know existed. and now known will substantiate the burden of Proof of this Civil Action from a Criminal Investigation concerning this assailant Willie L. Johnson.

The fraudulent use of the Plaintiff Social Security number allowed not only employment at the very same facility but to this Agency is unbelievable. See Exhibit(s)

Sworn to the best of my knowledge as True and Correct this 21st day of August 2006.

(2) FINAL PAGE



### State of Alabama
# Alabama Department OF Corrections

BULLOCK COUNTY CORRECTIONAL FACILITY
104 Bullock Drive
P. O. Box 5107
Union Springs, AL 36089



BOB RILEY
GOVERNOR

DONAL CAMPBELL
COMMISSIONER

## MEMORANDUM

Date: 7/06/05

From: Megan L. Fulghum, Classification Specialist   MLF

To:   **Tommie Hausey**          **158914**          **B/M**
      Inmate's Name              AIS Number          R/S

Re:   SEMI-ANNUAL REVIEW

A Semi-Annual Review has been held for you and it has been recommended that you remain in **"Medium"** custody at Bullock Correctional Facility.

This decision is based on:

Sexual Offender status bars lesser restriction and mental health needs make any transfer unwise. Good job keeping a clear record.

Your next review will be held **1/2006.**

Copy to:  Inmate
          Institutional File

Telephone (334) 353-3883          Fax (334) 353-3967

EXHIBIT D          page 3



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

FEB 0 6 2001

Mr. Tommie Lee Hausey, Sr.
BCCF, Dorm 11, Bed 38
Post Office Box 5107
Union Springs, AL 36089

Dear Mr. Hausey:

This is in response to your letter dated January 17, 2001, concerning the status of your request for reconsideration, identified as request number 05980969.

Enclosed please find a copy of our decision, issued on August 25, 2000. The decision was mailed to you at the address we had on file:

> LCF #158914
> P. O. Box 56, DM D1-19t
> Capshaw, AL 36025

I hope this information is helpful to you.

Sincerely,

John P. Flanigan
Compliance Officer
Compliance and Control Division

Enclosure

EXHIBIT: E

Show Printable   Previous Document | Next Document

DENIAL OF REQUEST FOR RECONSIDERATION
COMPLAINANTS' RIGHT TO FILE A CIVIL ACTION (P0400)
RIGHT TO REQUEST COUNSEL (Z1199)
CERTIFICATE OF MAILING

<BIB>

Equal Employment Opportunity Commission Federal Sector Case Decisions (EEOC)

Hausey, Tommie L. VS USPS

Document Number:    ↑05980969↓

Date:               25 AUG 2000

Hardcopy Pages:     4

Appealed from:
  EEOC  01980272                    10 Jul 98

Subject-term:   Decision on Procedural Issues

<TEXT>

[PAGE]

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Tommie L. Hausey,
    Complainant,

            v.                         Request No.  ↑05980969↓
                                        Appeal No.   01980272
William J. Henderson,                   Agency No.   1G708003097
Postmaster General,
United States Postal Service,
(Southwest Area),
    Agency.

# DENIAL OF REQUEST FOR RECONSIDERATION

Tommie L. Hausey (complainant) initiated a request to the Equal Employment Opportunity Commission (EEOC or Commission) to reconsider the decision in Tommie L. Hausey v. United States Postal Service, EEOC Appeal No. 01980272 (July 10, 1998). 1 EEOC Regulations provide that the Commission may, in its discretion, reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 64 Fed. Reg. 37,644, 37,659 (1999) (to be codified and hereinafter referred to as 29 C.F.R. §

. 1614.405(b)).

After a review of the complainant's request for reconsideration, the previous decision, and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. Complainant's submission merely reiterates information contained in the original complaint file. Complainant contends, as he did in his appeal, that his failure to contact an EEO Counselor until eight years

[PAGE 2]

after he was denied employment is justified by the fact that he was incarcerated shortly after he was denied employment.

EEOC Regulation 29 C.F.R. § 1614.105(a)(1) requires that complaints of discrimination be brought to the attention of the Equal Employment Opportunity Counselor within forty-five (45) days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five (45) days of the effective date of the action. 2 The Commission has adopted a "reasonable suspicion" standard (as opposed to a "supportive facts" standard) to determine when the forty-five (45) day limitation period is triggered. See Howard v. Department of the Navy, EEOC Request No. 05970852(February 11, 1999). "The time period is triggered as soon as a complainant suspects discrimination and the complainant may not wait until all supporting facts have become apparent." Whalen v. Department of Justice, EEOC Request No. 05960147(September 18, 1997).

EEOC Regulations provide that the agency or the Commission shall extend the time limits when the individual shows that he was not notified of the time limits and was not otherwise aware of them, that he did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he was prevented by circumstances beyond his control from contacting the Counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

Here, the record establishes that complainant was denied employment in March of 1989 and that he was arrested in October or November 1989. Thus, even if there is merit to complainant's argument that incarceration is a valid justification for untimely counselor contact, complainant has no explanation for why he did not contact a counselor between the denial of employment in March 1989 and his arrest in October/November 1989. While complainant may have also intended to argue that he was incapacitated during this time due to his mental disability, the Commission has consistently held, in cases involving physical or mental health difficulties, that an extension is warranted only where an individual is so incapacitated by his condition that he is unable to meet the regulatory time limits. See Crear v. United States Postal Service, EEOC Request No. 05920700(October 29, 1992); Weinberger v. Department of the Army, EEOC Request No. 05920040 (February 21, 1992); Hickman v. Department of the Navy, EEOC Request No. 05910707(September 30, 1991); Johnson v. Department of Health and Human Services, EEOC Request No. 05900873(October 5, 1990); and Zelmer v. United States Postal Service, EEOC Request No. 05890164 (March 8, 1989). In the case at hand, complainant himself noted that soon after he was denied employment, he contacted the union about filing a grievance. Given this activity, he cannot successfully argue that he was so incapacitated that he was unable to contact an EEO Counselor within the time limits.

[PAGE 3]

Accordingly, complainant has failed to establish that the time requirements for contacting an EEO counselor should be waived. The decision in EEOC Appeal No. 01980272 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request for reconsideration.

# COMPLAINANTS' RIGHT TO FILE A CIVIL

# ACTION (P0400)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court WITHIN NINETY (90) CALENDAR DAYS from the date that you receive this decision. If you file a civil action, YOU MUST NAME AS THE DEFENDANT IN THE COMPLAINT THE PERSON WHO IS THE OFFICIAL AGENCY HEAD OR DEPARTMENT HEAD, IDENTIFYING THAT PERSON BY HIS OR HER FULL NAME AND OFFICIAL TITLE. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

# RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

AUG 25 2000
DATE

_____
Carlton M. Hadden, Director
Office of Federal Operations

[PAGE 4]

# CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days of mailing. I certify that the decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

AUG 25 2000
DATE

_____
Equal Employment Assistant

# FOOTNOTES

**Footnote 1** On November 9, 1999, revised regulations governing the EEOC's federal sector complaint process went into effect. These regulations apply to all federal sector EEO complaints pending at any stage in the administrative process. Consequently, the Commission will apply the revised regulations found at 64 Fed. Reg. 37,644 (1999), where applicable, in deciding the present appeal. The regulations, as amended, may also be found at the Commission's website at www.eeoc.gov.

**Footnote 2** Regulations in effect in 1989 required an aggrieved individual to contact an EEO Counselor with thirty (30) days of the date of the matter alleged to be discriminatory.

# CITATORS:

05970852
05900873
05910707
05920040
05920700
05890164
05960147





**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

```
Tommie L. Hausey,              )
        Appellant,             )
                               )
                               )
            v.                 )     Appeal No. 01980272
                               )     Agency No. 1-G-708-0030-97
William J. Henderson,          )
Postmaster General,            )
United States Postal Service,  )
        Agency.                )
_____)
```

### DECISION

Based on a review of the record, we find that the agency properly dismissed appellant's complaint, pursuant to EEOC Regulations 29 C.F.R. §1614.105(a)(1) and 29 C.F.R. §1614.105(2), for failure to initiate contact with an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory.[1]  Appellant alleged that he was subjected to discrimination on the basis of mental handicap, when he was denied employment as a letter carrier during March 1989.  Appellant contacted an EEO Counselor on March 17, 1997, about 8 years after the matter alleged to be discriminatory.

Appellant has offered insufficient justification for his failure to timely contact an EEO Counselor.  Accordingly, the agency's final decision dismissing appellant's complaint is **AFFIRMED.**

### STATEMENT OF RIGHTS - ON APPEAL

#### RECONSIDERATION (M0795)

The Commission may, in its discretion, reconsider the decision in this case if the appellant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    New and material evidence is available that was not readily available when the previous decision was issued; or

---

[1]Regulations in effect in 1989 required an aggrieved individual to contact an EEO Counselor within 30 days of the date of the matter alleged to be discriminatory.

2                                    01980272
                                1-G-708-0030-97

2.   The  previous  decision  involved  an  erroneous
     interpretation of law, regulation or material fact,
     or misapplication of established policy; or

3.   The  decision  is  of  such  exceptional  nature  as  to
     have substantial precedential implications.

Requests to reconsider, with supporting arguments or evidence, MUST
BE FILED WITHIN THIRTY (30) CALENDAR DAYS of the date you receive
this decision, or WITHIN TWENTY (20) CALENDAR DAYS of the date you
receive a timely request to reconsider filed by another party.  Any
argument  in  opposition  to  the  request  to  reconsider  or  cross
request to reconsider MUST be submitted to the Commission and to
the requesting party WITHIN TWENTY (20) CALENDAR DAYS of the date
you receive the request to reconsider.  See 29 C.F.R. §1614.407.
All requests and arguments must bear proof of postmark and be
submitted to the Director, Office of Federal Operations, Equal
Employment Opportunity Commission, P.O. Box 19848, Washington, D.C.
20036.   In  the  absence  of  a  legible  postmark,  the  request  to
reconsider shall be deemed filed on the date it is received by the
Commission.

Failure to file within the time period will result in dismissal of
your request for reconsideration as untimely.  If extenuating cir-
cumstances have prevented the timely filing of a request for recon-
sideration,  a  written  statement  setting  forth  the  circumstances
which caused the delay and any supporting documentation must be
submitted with your request for reconsideration.   The Commission
will consider requests for reconsideration filed after the deadline
only in very limited circumstances.  See 29 C.F.R. §1614.604(c).

### RIGHT TO FILE A CIVIL ACTION (S0993)

It is the position of the Commission that you have the right to
file a civil action in an appropriate United States District Court
WITHIN NINETY (90) CALENDAR DAYS from the date that you receive
this decision.  You should be aware, however, that courts in some
jurisdictions have interpreted the Civil Rights Act of 1991 in a
manner suggesting that a civil action must be filed WITHIN THIRTY
(30) CALENDAR DAYS from the date that you receive this decision.
To ensure that your civil action is considered timely, you are
advised to file it WITHIN THIRTY (30) CALENDAR DAYS from the date
that you receive this decision or to consult an attorney concerning
the applicable time period in the jurisdiction in which your action

3                                      01980272
                                  1-G-708-0030-97

would be filed.  In the alternative, you may file a civil action
AFTER ONE HUNDRED AND EIGHTY (180) CALENDAR DAYS of the date you
filed your complaint with the agency, or filed your appeal with the
Commission.    If you file a civil action, **YOU MUST NAME AS THE
DEFENDANT IN THE COMPLAINT THE PERSON WHO IS THE OFFICIAL AGENCY HEAD
OR DEPARTMENT HEAD, IDENTIFYING THAT PERSON BY HIS OR HER FULL NAME
AND OFFICIAL TITLE.**    Failure to do so may result in the dismissal
of your case in court.  "Agency" or "department" means the national
organization, and not the local office, facility or department in
which you work.    **Filing a civil action will terminate the
administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1092)

If you decide to file a civil action, and if you do not have or
cannot afford the services of an attorney, you may request that the
Court appoint an attorney to represent you and that the Court
permit you to file the action without payment of fees, costs, or
other security.  See Title VII of the Civil Rights Act of 1964, as
amended, 42 U.S.C. §2000e et seq.; the Rehabilitation Act of 1973,
as amended, 29 U.S.C. §§791, 794(c).  **The grant or denial of the
request is within the sole discretion of the Court.**    Filing a
request for an attorney does not extend your time in which to file
a civil action.   Both the request and the civil action must be
filed within the time limits as stated in the paragraph above
("Right to File A Civil Action").

FOR THE COMMISSION:

JUL 1 0 1998
_____

DATE

Ronnie Blumenthal, Director
Office of Federal Operations