IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| TOMMIE LEE HAUSEY, #158 914 | * |
| Plaintiff, | * |
| v. | *    2:06-CV-750-MEF |
| | (WO) |
| U.S. POSTAL SERVICE, *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 23, 2006 Plaintiff Tommie Hausey, an inmate incarcerated at the Bullock County Correctional Facility located in Union Springs, Alabama, filed this *pro se* civil action under the provisions of 42 U.S.C. § 1983. Plaintiff asserts allegations of fraud and due process violations with regard to his former employment with the United States Postal Service in Baton Rouge, Louisiana. Plaintiff names as defendants Willie Johnson, Ron Arceneaux, Postal Investigator in Baton Rouge, Louisiana, the U.S. Postal Service Administrator in Baton Rouge, Louisiana, and William Henderson, Postmaster General for the Southwest Area Agency. Upon review of the instant complaint, the court concludes that Plaintiff's complaint against the named defendants should be transferred to the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1406(a).[1]

DISCUSSION

---

[1] This court makes no ruling on Plaintiff's motion for leave to proceed *in forma pauperis* as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Middle District of Louisiana.

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which the case could have been brought." 28 U.S.C. § 1406(a).

It is clear from the allegations in the complaint that all the actions about which Plaintiff complains occurred within the jurisdiction of the United States District Court for the Middle District of Louisiana. Moreover, it appears from Plaintiff's recitation of the facts that a majority of witnesses and evidence associated with this case are located in the Middle District of Louisiana. Thus, the court concludes that from the face of the complaint, the proper venue for this cause of action is the United States District Court for the Middle District of Louisiana.

In light of the foregoing, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Middle District of Louisiana for review and determination.

CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1406(a).

It is further

ORDERED that on or before September 12, 2006, the parties are DIRECTED to file any objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the parties are objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of August, 2006.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE